**Harry Lee DEBANO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 20817.

United States Court of Appeals
Ninth Circuit.

Feb. 13, 1968.

Frank Winston (argued), of Winston & Katz, San Francisco, Cal., for appellant.

John J. Bartko, (argued), Asst. U. S. Atty., Cecil Poole, U. S. Atty., Jerrold Ladar, San Francisco, Cal., for appellee.

Before CHAMBERS, POPE and ELY, Circuit Judges.

PER CURIAM:

The judgment of conviction is affirmed.

The appeal is extremely thin. Such contentions are made as: The agents arrested defendant over the telephone, they did not comply with Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, at that time, and they improperly searched defendant's home upon his return because it was not incident to the telephone arrest.

An arrest involves some possibility of immediate physical restraint. The possibility at the moment of the telephone conversation did not exist. The arrest occurred when defendant returned home. A proper search incident to the arrest followed. The fruits of the search were used in only the slightest and most oblique way. We can find no error here.

Because the arrest did not take place on the telephone, there was no need to

advise Debano of his constitutional rights. A proper warning was given when Debano returned home. If the foregoing is not enough, it may be pointed out that the case was tried before *Miranda* was decided. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. There was no error here.

Also, we reject Debano's point that he was entitled to a verbatim record of the testimony before the grand jury which resulted in his indictment. No record was made and none is yet required. See United States v. Hensley, 6 Cir., 374 F.2d 341. No reason for seeing a record of such testimony is suggested here.